IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMETRIOUS TERRELL PEGUES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:10cv212-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

On February 23, 2010, federal inmate Demetrious Terrell Pegues ("Pegues"), acting *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. By his motion, Pegues challenges the conviction and sentence imposed on him by this court in 2008 for conspiracy to possess with intent to distribute a controlled substance. This court directed the government to file a limited response addressing the applicability of § 2255's one-year limitation period to Pegues's motion, *see* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1] In its response (Doc. No. 8), the government argues that Pegues's § 2255 motion was filed after expiration of the one-year period of limitation and is therefore time-barred.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings and court records reflect that Pegues was convicted under a guilty plea entered on October 22, 2007, and that he was sentenced on September 10, 2008. (Doc. No. 1-2.) The district court entered its judgment against Pegues on September 17, 2008. (*Id*.) Pegues did not file a direct appeal. By operation of law, then, Pegues's conviction became final on September 29, 2008, the first business day after September 27, 2008.[2] Thus, Pegues had until September 29, 2009, to file a timely § 2255 motion. The instant motion was not filed until February 23, 2010.[3]

---

[2]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within ten days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires).

[3]Pegues represents that he signed his original pleading on February 23, 2010. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

2

It does not appear that any of the statutory exceptions specified in 28 U.S.C. § 2255 ¶ 6 (2)-(4) apply in this case. Specifically, Pegues's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, there is no suggestion that the government prevented Pegues from filing an earlier motion. Nor does Pegues appear to have submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired before Pegues filed his § 2255 motion. Accordingly it is

ORDERED that on or before June 28, 2010, Pegues shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 7th day of June, 2010.

      /s/Susan Russ Walker
      SUSAN RUSS WALKER
      CHIEF UNITED STATES MAGISTRATE JUDGE