IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMETRIOUS TERRELL PEGUES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 2:10cv212-WKW<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Demetrious Terrell Pegues ("Pegues"), a federal inmate, has filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Pegues challenges his 2008 conviction for conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1).[2] Pegues's chief claim, and one from which several of his sub-claims stem, is that Public Law 80-772, and therefore 18 U.S.C. § 3231,[3] was never enacted into positive law and therefore is a nullity; it violates the presentment

---

[1] Pegues styled his initial pleading as "Petitioner's Petition for Writ of Habeas Corpus Pursuant to the Original Habeas Corpus as Presented in the Constitution and/or 28 USC § 2241 and/or 28 USC § 2255 and Challenge to Jurisdiction and Request to Dismiss Indictment and Conviction Within the next 3 Days, as this Is an Extraordinary Writ, or Alternatively, to Show Cause Why." (*See Doc. No. 1.*) However, pursuant to the procedures in *Castro v. United States*, 540 U.S. 375 (2003), this action is proceeding under 28 U.S.C. § 2255.

[2] The district court sentenced Pegues to 15 years in prison.

[3] Section 3231 of Title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

clause of the United States Constitution and the separation of powers doctrine; and, thus, his imprisonment is unlawful because the district court lacked subject matter jurisdiction. (*Doc. No. 1 at pp. 1-47*.) Pegues also asserts that (1) his counsel was ineffective for failing to investigate "jurisdictional error" and for failing to interview witnesses and investigate the facts of the case; (2) he is actually innocent of the offense for which he was convicted; (3) he was arrested without probable cause, in violation of the Fourth Amendment; (4) the district judge presiding over his case "is not an Article III Judge and therefore cannot sentence"; (5) the "sale of conviction bonds by the court" rendered the proceedings against him void; and (6) that the government withheld or concealed exculpatory evidence it was required to disclose. (*Id. at pp. 17-20 and 47-57; see also Doc. No. 10 at pp. 6-11*.)

The government maintains that Pegues's § 2255 motion is barred from review because it was filed after expiration of the one-year federal limitation period. (*Doc. No. 8*.) *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[4] Upon review of the pleadings, the evidentiary materials, and the applicable law, this court concludes that Pegues's § 2255 motion should be denied and this case dismissed because the motion was not filed within the time allowed by federal law.

## II.   DISCUSSION

### A.   *Actual Innocence as Gateway to Excuse Time Bar*

---

[4]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

Pegues asserts that he is actually innocent of the crime for which he was convicted and that he therefore has a gateway to present all his claims, even those claims that would otherwise be procedurally barred or barred by the federal limitation period. (*See Doc. No. 1 at p. 17.*)

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). As the Supreme Court in *Schlup* observes:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

3

513 U.S. at 324.

Pegues does not present any "new reliable evidence" of his actual innocence sufficient to satisfy his burden under the *Schlup* standard. Indeed, he points to *no* evidence at all, let alone new reliable evidence, but instead merely asserts in conclusory fashion that he is actually innocent. (*See Doc. No. 1 at p. 17.*) This falls far short of the showing necessary to fit within the exception to procedural default under *Schlup*. Thus, Pegues's assertion of actual innocence does not provide a gateway for review of his procedurally barred or time-barred claims.

## B.   *Pegues's Jurisdictional Claims*

Pegues contends that the district court lacked subject matter jurisdiction and that his imprisonment is therefore unlawful because Public Law 80-772, and therefore 18 U.S.C. § 3231, was never enacted into positive law and therefore is a nullity, and it violates the presentment clause of the United States Constitution and the separation of powers doctrine. (*See Doc. No. 1 at pp. 1-47.*)

Pegues argues as follows: Public Law 80-772 was passed by the House of Representatives in the first session of the 80th Congress, but the Senate did not pass the bill; the bill then showed up in the Senate, which amended the bill and passed the amended bill; the House voted on the amendments, but not the amended bill, and therefore the bill was not constitutionally passed into law and is a nullity; Congress adjourned on June 20, 1948, and the bill was signed by President Truman after the adjournment; because the enrolled bill

passed by the Senate was altered from the engrossed bill passed by the House, the bill is a fraud and forgery in violation of 1 U.S.C. § 106 and is therefore invalid; because the bill did not pass both Houses of Congress and was not signed into law in Congress assembled as required, there was no valid enactment; and because the bill was not published in the Federal Register, it was null and void from its inception. (*Id.*)

Pegues's arguments as to the validity of § 3231 are without merit and have been raised without success by others many times before. In *Stewart v. United States*, Nos. 1:07cv3045–TWT, 1:08cv1005–TWT, 2009 WL 909547 (N.D.Ga. Apr. 2, 2009), the court addressed these same arguments and ruled:

> Movant contends that the District Court's Order committing Movant into the custody of the Bureau of Prisons relied upon the unconstitutionally enacted Public Law 80–772, Section 3231, which was issued ultra vires, and is unconstitutional and void because H.R. 3190 never passed both houses of Congress in the manner required by Article I, Section 7, Clause 2, and consequently, Movant's imprisonment is unlawful because the District Court lacked subject-matter jurisdiction. Specifically, Movant contends that the House of Representatives passed one version of Public Law 80-772, H.R. 3190, on May 12, 1947, and the Senate passed a version of this public law labeled as H.R. 3190, as amended. Relatedly, Movant contends that H .R. 3190 was "never certified as enrolled," and was signed by President Truman only after he was misled into believing this bill was passed by the Senate and the House of Representatives..
>
> "The 1948 amendment to § 3231 passed both houses of Congress and was signed into law by President Truman on June 245, 1948. Therefore, the amendments and statutes relied upon for jurisdiction ... were properly enacted and binding." *United States v. Risquet*, 426 F.Supp.2d 310, 311 (E.D.Pa. 2006); *United States v. Siegelman*, Case No. 2: 05–CR–119–MEF–CSC, 2007 WL 1284276, at *1 (M.D.Ala. Apr. 30, 2007) ("even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected the [ ]argument" that 18

> U.S.C. § 3231 "was not properly enacted"); *Choas v. USA Mining, Inc.*, Case No. 1:04–CV–1, 1:04–CV–138, 2007 WL 208530 at *16 (E.D.Tenn. Jan. 24, 2007) ("Every court that has considered this argument [concerning the enactment of § 3231] has ruled against the defendant."). In light of previous decisions finding that § 3231 was properly enacted and Movant's failure to offer any authority directly supporting [his contentions], this Court concludes that this ground for relief does not offer a basis for granting Movant's motion to vacate, set aside, or correct sentence.

*Stewart*, 2009 WL 909547, at *3-4 (citations to record in *Stewart* omitted).

Where an indictment charges a defendant with violating the laws of the United States, § 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The statute relied upon for jurisdiction in Pegues's case was properly enacted and is binding. No court has held to the contrary. *See United States v. Hawkins*, No. 1:CR-01-025-01, 2009 WL 585477, at *2 (M.D.Pa. Mar. 6, 2009) (collecting cases). *See also, e.g., United States v. Abdullah*, 289 Fed. Appx. 541, 543 n.1 (3rd Cir. 2008); *Mayfield v. U.S. Attorney Gen.*, No. 2:07–CV 258, 2008 WL 2130234 (E.D.Tex. May 16, 2008); *United States v. Chillemi*, No. CR–03–0917–PHX–PGR, 2007 WL 2995726 (D.Ariz. Oct. 12, 2007); and *United States v. Davis*, No. 1:07–CR–13, 2007 WL 2317246 (E.D.Tex. Aug. 8, 2007), all of which address the issues raised, and all of which hold that the argument is frivolous and without merit.

The district court had subject matter jurisdiction in Pegues's case.[5]

---

[5] Pegues also asserts, cursorily, that this court violated 28 U.S.C. § 455, the recusal statute. (*Doc. No. 10 at p. 7.*) This assertion appears to be based on his jurisdictional claim discussed above. Pegues has not proffered any legitimate basis for the district court's recusal under the factors enumerated in § 455(a) and (b). Because it is clear that jurisdiction was not lacking in this case, (continued...)

*C.*     ***One-year Limitation Period***

Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period for filing a § 2255 motion begins from the latest date of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The record reflects that Pegues was convicted under a guilty plea entered on October 22, 2007, and that he was sentenced on September 10, 2008. The district court entered its judgment against Pegues on September 17, 2008. Pegues did not file a direct appeal. By operation of law, then, Pegues's conviction became final on September 29, 2008, the first

---

[5](...continued)
Pegues's argument is without foundation and this claim does not provide a basis for relief under § 2255.

Pegues's other claims implicating the jurisdiction of the court are equally meritless. His assertion that the proceedings were void, because the court is selling conviction bonds as an incorporated for-profit entity in violation of various constitutional rights against peonage and slavery and in violation of the separation of powers doctrine, is frivolous and does not constitute a basis for § 2255 relief. His claim that the district judge who presided over his case was not an Article III Judge is also frivolous, as it is a matter of public record that the district judge was confirmed by the United States Senate and received his commission from the President of the United States.

business day after September 27, 2008.[6]  Thus, for purposes of 28 U.S.C. § 2255(f)(1), Pegues had until September 29, 2009, to file a timely § 2255 motion.  However, the instant motion was not filed until February 23, 2010.[7]

Pegues fails to find safe harbor in the statutory tolling provisions of 28 U.S.C. § 2255(f)(2) - (4).  Specifically, there is no suggestion that the government prevented Pegues from filing an earlier § 2255 motion.  *See* § 2255(f)(2).  Moreover, Pegues's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2255(f)(3).  Finally, Pegues does not submit grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction. *See* § 2255(f)(4).  Under the circumstances outlined herein, 28 U.S.C. § 2255(f)(1) provides the limitation period applicable to Pegues's § 2255 motion.  That limitation period expired more than four months years before Pegues filed his

---

[6]*See* Fed.R.App.P. 4(b)(1).  When Pegues was sentenced, Rule 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment. *See, e.g., Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires).  Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within **14** days after entry of the district court's judgment.

[7]Pegues represents that he signed his original pleading on February 23, 2010.  Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

§ 2255 motion.

The federal limitation period may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2255(f) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999). Pegues has not asserted any basis – credible or otherwise – for equitable tolling of the limitation period in his case.

Because Pegues's § 2255 motion is time-barred pursuant to § 2255(f)(1), it is unnecessary for this court to review his remaining claims for relief.[8]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before October 11, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on

---

[8] With regard to Pegues's claim that the government withheld or concealed exculpatory evidence, Pegues points to absolutely no evidence that was withheld or concealed by the government, and he alleges no facts relating to how or when he discovered that any such evidence had been withheld or concealed.

appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 26th day of September, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE